IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRENT J. WARREN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 21-cv-1152-DWD |
| | ) |
| ILLINOIS DEPARTMENT OF CORRECTIONS, and | ) |
| | ) |
| DAVID MITCHELL, WARDEN, | ) |
| | ) |
| Respondents.[1] | ) |

**MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

Petitioner Trent J. Warren is an inmate in the custody of the Illinois Department of Corrections ("IDOC") and is currently incarcerated at Pinckneyville Correctional Center. He brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the calculation and/or execution of a sentence imposed in Champaign County, Illinois, in *State of Illinois v. Warren*, Case No. 2016-CF-1064 (Sixth Judicial Circuit, Champaign County, Illinois).

The Petition is now before the Court for a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly

---

[1] Rule 2(a) of the Rules Governing § 2254 Cases requires that a petitioner name as respondent the state officer that has current custody over him. *See also Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) ("If the petitioner is in prison, the warden is the right respondent. If the petitioner is on parole, the parole board or equivalent should be named."). Respondent David Mitchell is the Warden of Pinckneyville, where Petitioner is currently incarcerated. Accordingly, the Illinois Department of Corrections will be dismissed.

1

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner pled guilty to twenty-one counts of attempted aggravated criminal sexual assault and was sentenced to a 10-year term of imprisonment to be followed by a 3-year term of supervised release (Doc. 1). In his Petition, Warren alleges that he was eligible for release from incarceration on September 7, 2021, but that the IDOC has been unlawfully holding him in custody because Petitioner has not obtained IDOC approved housing (*Id.*). A review of the publicly accessible docket sheet in *State of Illinois v. Warren*, Case No. 2016-CF-1064 reveals that Petitioner pursued a series of state court challenges to his conviction and sentence, although it is unclear from the publicly accessible court records what specific challenges he has brought and the subsequent dispositions of those challenges. As such, the question of exhaustion of remedies requires additional development.

Given the limited record, it is not plainly apparent that Petitioner is not entitled to habeas relief. The Petition presents possible issues regarding exhaustion of state remedies, procedural default, and timeliness; but those issues cannot be decided on the record as it stands. Therefore, without commenting on the merits of Petitioner's claim, the Court concludes that the Petition survives preliminary review under Rule 4.

## Disposition

For the above-stated reasons, Respondent Mitchell, Warden of Pinckneyville Correctional Center, is **ORDERED** to answer or otherwise respond to the petition (Doc.

1) on or before October 28, 2021.  Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601, shall constitute sufficient service.

Respondent Illinois Department of Corrections is **DISMISSED**.  The Clerk of Court is **DIRECTED** to terminate Respondent IDOC from the docket sheet.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated:  September 28, 2021

---

DAVID W. DUGAN
United States District Judge