IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRENT J. WARREN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )  Case No. 21-cv-1152-DWD |
| | ) |
| DAVID MITCHELL, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Now before the Court is Petitioner Trent J. Warren's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner raises various grievances which he claims invalidate his sentence or require his immediate release from the Illinois Department of Corrections ("IDOC"). For the reasons detailed below, the Petition will be denied.

## Background

On March 20, 2017, Petitioner entered a negotiated guilty plea in Illinois state court for two counts of attempted aggravated criminal sexual assault of a person aged 60 or older and was sentenced to concurrent prison terms of ten years (Doc. 1; Doc. 17-1, pp. 6-7, citing *People v. Warren*, No. 2016-CF-1064 (Champaign County, Illinois). On April 12, 2017, the state trial court denied Petitioner's request to appeal as premature because he had not filed a post-plea motion as required by IL R S CT Rule 604(b) (Doc. 17-1, p. 9).

On April 24, 2017, Petitioner filed a *pro se* motion to withdraw his guilty plea (Doc. 17-1, at p. 9).  On July 10, 2017, Petitioner withdrew his motion to withdraw his guilty plea (Doc. 17-1, p. 10).

On January 2, 2018, Petitioner filed a late notice of appeal (Doc. 17-1, p. 11).  On March 21, 2018, the appeal was dismissed at Petitioner's appointed counsel's request (Doc. 17-1, p. 12).

On October 15, 2019, Petitioner filed a *pro se* postconviction petition (Doc. 17-1, p. 12).  Petitioner moved to voluntarily dismiss the petition on April 29, 2020 (Doc. 17-1, p. 13). The postconviction petition was dismissed on April 30, 2020 (Doc. 17-1, p. 14).

On September 17, 2021, Petitioner filed his Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging both the validity of his state court judgment, along with administrative decisions made by the IDOC concerning Petitioner's inability to release to MSR due to a lack of suitable housing site, and the IDOC's alleged refusal to allow Petitioner to complete sex offender treatment so he could earn good time credit (Doc. 1).

## Discussion

28 U.S.C. § 2254(a) grants federal courts jurisdiction to entertain an application for a writ of habeas corpus on behalf of a person who is in custody pursuant to a judgment of a state court on the ground that the person is in custody in violation of the Constitution or laws or treaties of the United States. Before a state prisoner's claims may be addressed in federal court, however, the law requires him to exhaust his state court remedies or show cause and prejudice for his failure to exhaust. *See* 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508–09 (7th Cir. 2001).

The Petition raises two distinct challenges. The first is directed at Petitioner's state judgment of conviction, and the second is directed at administrative decisions made by the IDOC in carrying out Petitioner's sentence (Doc. 1). The Court will address each challenge separately. *See, e.g., Cox v. McBride*, 279 F.3d 492, 493–94 (7th Cir. 2002) (challenges to the judgment of conviction are distinct from challenges to decisions of the prison disciplinary board; and only challenges to the judgment of conviction are subject to the one-year limitations period established by the Antiterrorism and Effective Death Penalty Act).

## I.     Challenge to the State Court Judgment of Conviction

Petitioner argues that his guilty plea in his state criminal case was not knowing and voluntary because the state court's admonishments concerning his terms of mandatory supervised release were allegedly inadequate (Doc. 1). This is an attack on Petitioner's state court judgment of conviction and is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a one-year statute of limitations applies for a habeas corpus petition filed pursuant to § 2254. *See* 28 U.S.C. § 2244(d). This section provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevent from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Here, Petitioner's state court judgment of conviction became final on April 19, 2017, which is 30 days after he pled guilty and was sentenced. *See* IL R S CT Rule 604(d) ("No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment."). Petitioner did not file a motion to withdraw his plea until April 24, 2017, which was after this 30-day deadline. Therefore, his filing of the late motion did not operate to toll the one-year statute of limitations. *See, e.g.* 28 U.S.C. § 2244(d)(2) (only "properly filed" applications for state post-conviction operate to toll the one-year limitations period); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008).

Nevertheless, even if the filing of his late motion could have tolled his deadline for seeking habeas relief under § 2254, Petitioner withdrew his motion on July 10, 2017 (Doc. 17-1, p. 10). Thus, once the motion was withdrawn, his conviction would have become

4

final on July 10, 2017. Petitioner did not file his Petition for Writ of Habeas Corpus until September 17, 2021, which was more than three years after the limitations period had expired. Similarly, Petitioner's filing of his untimely appeal in January 2018 and postconviction petition in October 2019 would not extend his limitations period. However, even if those filings were timely filed, and operated to toll the limitations period, Petitioner's appeal was dismissed on March 21, 2018 (Doc. 17-1, p. 12), and Petitioner's postconviction petition was voluntarily dismissed on April 30, 2020 (Doc. 17-1, p. 14). Thus, even if those filings tolled the limitations period, Petitioner did not file his Petition until September 17, 2021, which was more than one-year after the dismissal of his postconviction petition. Petitioner's challenge to his judgment of conviction is therefore untimely.

Petitioner briefly argues that he could not have known the terms of his MSR, and the state court's alleged failure to admonish him on those terms, until he received notice of his approaching MSR date in September 2021. This argument is largely underdeveloped but touches on the concept of equitable tolling. However, "[b]efore the principles of equitable tolling apply, a petitioner must demonstrate, first, that extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition. Second, he must show that he has diligently pursued his claim, despite this obstacle." *Tucker*, 538 F.3d at 734 (internal citations omitted). The Seventh Circuit has reasoned that "[e]quitable tolling is rarely granted" and "we have yet to identify a petitioner whose circumstances warrant it." *See Id.* (internal citations omitted).

Petitioner does not indicate which MSR conditions he was unaware of before September 2021. However, Petitioner generally complains of how difficult the MSR conditions make locating appropriating housing because of his sex offender charge. Petitioner's argument is unavailing for at least two reasons. First, waiting to learn the terms of his MSR conditions until near or after his MSR release date appears to be something squarely within Petitioner's control. Indeed, Petitioner does not argue, and the record does not reflect any attempt made by Petitioner to learn the conditions of his MSR prior to September 2021. Nor does Petitioner argue that he was prevented from learning these conditions prior to September 2021.

Moreover, Petitioner's complaints in his petition are directed both at the housing requirements imposed by his MSR terms and those imposed by Illinois law on sex offenders (*See* Doc. 1, pp. 4, 6-11). Specifically, Petitioner argues that the Illinois legislature "intends for sex offenders to be homeless" (Doc. 4, p. 9), and he cites to the requirements under the Illinois Sex Offender Registration Act, 730 Ill. Comp. Stat. Ann. 150/1 *et seq* (requiring sex offenders to register certain information, including qualified residency information, with the Illinois State Police). Plaintiff contends that these requirements unfairly prevent him from finding appropriate parole housing, and further penalize him. However, Petitioner was specifically apprised of his obligations to comply with the requirements of the Illinois Sex Offender Registration Act in his March 20, 2017 sentencing order (Doc. 17-1, p. 7) ("Defendant is to comply with the requirements of the Sex Offender Registration Act (730 ILCS 150/1 et seq) within days."). Therefore,

Petitioner's purported difficulties in learning his housing requirements is unavailing as he was on notice of at least some of these requirements since March 2017.

In sum, Petitioner has not shown that he diligently pursued his claim. *See, Tucker, 538 F.3d at 735* (Petitioner "had the burden to demonstrate his own diligence in pursuing his claim but failed to present any evidence in support of it.") (internal citations omitted). Accordingly, Petitioner's challenge to his state judgment was untimely, and will be dismissed.

## II. Challenge to IDOC Administrative Decisions

Petitioner also challenges two decisions made by the IDOC. First, he argues that the IDOC violated his constitutional rights by revoking his MSR for not having an approved housing site. Second, he challenges the IDOC's refusal to allow Petitioner to complete sex offender treatment so he could earn good time credit (Doc. 1). Respondent argues that, to the extent these challenges are appropriately raised in a 28 U.S.C. § 2254 petition, Petitioner failed to exhaust his available state court remedies before seeking relief with the Court.

28 U.S.C. § 2254(b)(1) requires that state judicial remedies be exhausted before a federal court can grant habeas relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The exhaustion requirement means that, before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(c) (habeas petitioner has not exhausted state court remedies if he still has the right under state law "to raise, by any available procedure, the question presented."). Under the Illinois two-tiered appeals process, petitioners must fully present their claims to the state circuit court, the intermediate appellate court, and to the Illinois Supreme Court, which offers discretionary review." *O'Sullivan*, 526 U.S. at 845.  A prisoner need not pursue all separate state remedies that are available to him, but he must give the state courts "one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509; *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) ("Exhaustion is accomplished when claims have been presented to the highest state court for a ruling on the merits, or, when the claims could not be brought in state court because no remedies remain available at the time the federal petition is filed") (internal citations omitted).

Under Illinois law, a complaint for mandamus pursuant to 735 Ill. Comp. Stat. Ann. 5/14-101, *et seq.* is the appropriate vehicle to compel a state agency to comply with state statutes or administrative rules, such as those governing the calculation of a

8

prisoner's sentence, and an alleged denial of his right to good-conduct credits. *See, e.g., VanSkike v. Sullivan*, No. 18-CV-2138-NJR, 2019 WL 6327195, at *7 (S.D. Ill. Nov. 26, 2019) (collecting cases). Here, Petitioner has made no showing of an attempt to exhaust his available state court remedies, and he admits that he did not seek relief from the state court. Instead, he generally complains that he does not have enough time to pursue his state court remedies before his release date. The Court disagrees because so long as Petitioner remains on parole, he may still seek to challenge the remaining custody requirements. *See Lauderdale-El v. Indiana Parole Board*, 35 F.4th 572, 575 (7th Cir. 2022) ("A challenge to a petitioner's custody becomes moot when custody ends and no collateral consequences remain. Because parole is a form of custody, a case that could shorten a former prisoner's term of parole is not moot.").

The failure to exhaust is a procedural bar that may not be excused unless Petitioner can "show cause and prejudice for failing to fairly present his or her claim to the state courts or that a fundamental miscarriage of justice will occur." *McAtee*, 250 F.3d at 509. Under this test, "cause" must be something "external to the petitioner, something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), *holding modified by Martinez v. Ryan*, 566 U.S. 1 (2012). Here, Petitioner has not made this showing, and the record does not separately support a finding of cause. Indeed, permitting the Illinois courts an "opportunity to address and correct alleged violations" of his rights, *see Coleman*, 501 U.S. at 731, is particularly important here, as Petitioner's sentence calculation and MSR requirements rest primarily on state law and regulations. *See U.S.*

9

...

*ex rel. Johnson v. McGinnis*, 734 F.2d 1193, 1200 (7th Cir. 1984) ("state courts should have the first opportunity 'to mend their own fences.'").

Finally, Petitioner has made no allegation or argument demonstrating a fundamental miscarriage of justice. "In order to meet this standard, he must convince the court that no reasonable trier of fact would have found him guilty but the error allegedly committed by the state court." *Bolton v. Akpore*, 730 F.3d 685, 697 (7th Cir. 2013). Petitioner has not argued, and the record does not support a finding of a fundamental miscarriage of justice here. Accordingly, the Court finds that Petitioner has failed to exhaust his available remedies, and his challenges to the IDOC's Administrative Decisions will be dismissed.

## Disposition

For the above stated reasons, Petitioner's challenge to his state court judgment of conviction is **DISMISSED, without prejudice**, as untimely. Petitioner's challenges to the IDOC's administrative decisions are **DISMISSED, without prejudice**, for a failure to exhaust available remedies. The Petition is therefore **DENIED**. All other pending motions are **DENIED, as moot**.

A certificate of appealability is required to appeal from the dismissal or denial of a 28 U.S.C. § 2254 petition. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1). Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that, when entering a final order adverse to the petitioner, the district court must issue or deny a certificate of appealability. Here, a certificate of appealability shall **NOT** be issued. Petitioner has no basis for a determination that the Court's decision is debatable or

incorrect because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253.

The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**SO ORDERED.**

Dated: October 11, 2022

DAVID W. DUGAN
United States District Judge

11